UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
JOSHUA ROMAN,                                                      :
                                                                   :
                                        Petitioner,                :     **ORDER AND OPINION**
                                                                   :     **GRANTING PETITION FOR**
           -against-                                               :     **HABEAS CORPUS**
                                                                   :
UNITED STATES OF AMERICA,                                          :     16 Civ. 4829 (AKH)
                                                                   :     13 Cr. 58 (AKH)
                                        Respondent.                :
                                                                   :
------------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Petitioner Joshua Roman filed this petition pursuant to 28 U.S.C. § 2255 to vacate

his conviction for possession of a firearm in furtherance of a crime of violence, in violation of 18

U.S.C. § 924(c). Petitioner argues that he is entitled to vacatur of the § 924(c) conviction (Count

Three) under *United States v. Davis*, 139 S. Ct. 2319 (2019) and *United States v. Barrett*, No. 14-

2641-CR, 2019 WL 4121728 (2d Cir. Aug. 30, 2019), and requests a full resentencing. For the

reasons that follow, the petition is granted.

## Background

        On January 23, 2013, Petitioner and numerous other defendants were charged

with conspiracy to distribute and possess with intent to distribute heroin, in violation of 21

U.S.C. § 846 (Count One); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C.

§ 1951 (Count Two); and possessing, or aiding and abetting the possession of, firearms in

connection with (i) "a drug trafficking crime . . . , namely, the narcotics conspiracy charged in

Count One" and (ii) "a crime of violence . . . , namely, the robbery conspiracy charged in Count

Two," in violation of 18 U.S.C. §§ 924(c)(2) and 924(c)(1)(A)(ii) (Count Three) (ECF No. 24).

Both charged conspiracies were premised on the same conduct, namely defendants' plan to rob a

fictitious shipment of 20 to 40 kilograms of heroin.

On July 8, 2013, Petitioner pleaded guilty to Counts Two and Three. Petitioner admitted that he "conspired with others to commit a robbery of people who [he] believed were in possession of narcotics and/or money." ECF No. 117, at 27:21-23. The Court asked: "You said the object of the robberies w[as] narcotics or money?" and Petitioner answered in the affirmative. As pat of a colloquy intended to establish the interstate commerce element of the offense, Petitioner stated that he did not know what type of drugs were involved in the fictitious shipment, or where the drugs came from. *Id.* at 28:25-29:7. After the Court expressed concern, counsel for Petitioner stated that, whether the narcotics at issue were heroin or cocaine, either drug would have originated outside of New York City. *Id.* at 29:17-20. As the Government concedes, in Petitioner's plea agreement and throughout Petitioner's plea and sentencing hearings, the Government and the Court referred only to the Count Two robbery conspiracy predicate when describing Count Three. *See, e.g., id.* at 15:20-25, 27:7-12.

On August 7, 2013, the Court sentenced Petitioner to 33 months' imprisonment for Count Two and the minimum 60 months' imprisonment for Count Three, to run consecutively. ECF No. 152, at 24:12-15. During the sentencing hearing, the Court stated that Petitioner and his co-defendants "weren't going to go and steal heroin and go throw it in the trash can. People were going to go steal the heroin to make a lot of money off that heroin. And that comes from selling and distributing heroin, for which you're not charged and for which you're not being sentenced today." *Id.* at 23:1-4. Petitioner did not appeal his sentence.

Petitioner filed a § 2255 motion on June 22, 2016, which the Court stayed pending the resolution of Second Circuit and Supreme Court cases involving the application of *Johnson v. United* States, 145 S. Ct. 2551 (2015), to § 924(c) and similar provisions. It is now clear that conspiracy to commit Hobbs Act robbery is not a valid predicate for a § 924(c) conviction. *Barrett*, 2019 WL 4121728, at *2 (citing *Davis*, 139 S. Ct. 2319).

2

**Discussion**

Under 18 U.S.C. § 924(c), any person who "during and in relation to any *crime of violence* or *drug trafficking crime* . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" is subject to additional criminal penalties (emphasis added). *Davis* held that 18 U.S.C. § 924(c)(3)(B) (also known as the statute's "residual clause"), which defined a "crime of violence" as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is unconstitutionally vague. *See* 139 S. Ct. 2319. Although, in light of *Davis* and *Barrett*, a Hobbs Act robbery conspiracy is no longer a valid § 924(c) predicate offense, drug trafficking remains a valid predicate offense. *See* 18 U.S.C. § 924(c)(2) (defining a "drug trafficking crime" to include, *inter alia*, "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*)").

Petitioner's arguments in support of vacatur are substantially similar to those of his co-defendant Julio Camacho, the relevant portion of whose plea hearing allocution was nearly identical to Petitioner's, and whose Count Three conviction I vacated on August 15, 2019. *See* ECF No. 675. For the reasons set forth in that decision, I rule as follows: (1) Petitioner is not procedurally barred from bringing the instant petition by his failure to appeal, since the vagueness challenge that prevailed in the *Johnson* line of decisions was not reasonably available to counsel at the time of sentencing. *See, e.g., United States v. O'Shea*, 256 F. Supp. 3d 72, 78-80 (D. Mass. 2017) (observing that the Supreme Court twice had expressly rejected the vagueness challenge that ultimately succeeded in *Johnson*, and holding that petitioner sentenced pre-*Johnson* had established cause and prejudice). (2) *Davis* and *Barrett* require vacatur of Count Three's predicate offense of conspiracy to commit Hobbs Act robbery. (3) The record does not establish that Petitioner knowingly pleaded guilty to Count Three's drug trafficking conspiracy predicate, or that the parties or the Court even contemplated such a plea.

**Conclusion**

The § 2255 petition is granted, and Petitioner's Count Three conviction is vacated. Petitioner shall appear for re-sentencing on October 16, 2019 at 11:00 a.m. If transportation to the Southern District of New York cannot be arranged by that date, the Assistant U.S. Attorney shall make the necessary arrangements for appearance by live video from a location convenient to the Bureau of Prisons.

The Clerk shall terminate the open motion (ECF No. 578).

SO ORDERED.

Dated:     October 2, 2019
           New York, New York          ALVIN K. HELLERSTEIN
                                        United States District Judge